NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 9 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50295 |
| Plaintiff-Appellee, | D.C. No. 5:18-cr-00328-MWF-1 |
| v. | |
| MANUEL VALDOVINOS REYES, AKA Carlos Cepeda, AKA Manuel Reyes, AKA Manuel Valdovinos, AKA Manuel Reyes Valdovinos, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted October 20, 2021
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,** District Judge.

Manuel Valdovinos Reyes appeals his conviction and sentence for illegal

reentry in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291,

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

and we affirm in part, vacate in part, and remand for the limited purpose of permitting the district court to reconsider the conditions of supervised release.

1. **Aggravated Felony.** Reyes argues that his illegal reentry conviction is invalid because his prior Illinois conviction for attempted murder was not an aggravated felony. To determine whether a state conviction for attempted murder qualifies as an "aggravated felony" under 8 U.S.C. § 1227, we compare the underlying statute of conviction with its federal equivalent to determine whether they are a categorical match. *See Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013); 8 U.S.C. §§ 1101(a)(43)(A), (U) (designating attempted murder as an aggravated felony).

In this case, Reyes's state conviction for attempted murder is a categorical match to its federal equivalent. Both require that a "substantial step" be taken with specific intent to commit murder. 720 Ill. Comp. Stat. 5/8-4(a); 720 Ill. Comp. Stat. 5/9-1; *United States v. Gracidas-Ulibarry*, 231 F.3d 1188, 1192 (9th Cir. 2000) (en banc). While first-degree murder in Illinois also encompasses felony murder, 720 Ill. Comp. Stat. 5/2-8, where the federal definition does not, it is a legal impossibility that Reyes's conviction was premised on felony murder because Illinois felony murder is incompatible with a conviction for an attempt crime. *People v. Viser*, 343 N.E.2d 903, 910 (Ill. 1975); *see United States v. Gomez-Hernandez*, 680 F.3d 1171, 1172–77 (9th Cir. 2012) ("[I]gnor[ing] his crime of conviction" is a "hyper-

2

formalistic approach" that inappropriately overlooks the "context of the defendant's actual crime of conviction.").[1] Therefore, we conclude that Reyes's prior state conviction was a proper predicate offense for removal, and we affirm his conviction for illegal reentry.

  **2.**  **Terms of Supervised Release.** As part of Reyes's sentence, the district court imposed a term of supervised release, including Standard Condition 14 that requires Reyes to "notify specific persons and organizations of specific risks" he poses to those persons or organizations at his probation officer's direction. We have held that this standard condition is unconstitutionally vague because it fails to "answer the question of *what* conduct the defendant needed to warn the public about." *United States v. Magdirila*, 962 F.3d 1152, 1158 (9th Cir. 2020). Consequently, we vacate this condition of release and remand for the district court to "craft a supervised release condition that accords with [Reyes's] criminal history." *Id.* at 1159.

  **AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[1]Because we conclude that Reyes's state attempted murder conviction is an aggravated felony, we need not analyze the government's argument that it also constitutes an aggravated felony as a "crime of violence" under 8 U.S.C. § 1101(a)(43)(F).